OPINION
{¶ 1} Appellant, Sandy Cook, appeals from the Clinton County Common Pleas Court's decision to award permanent custody of Cook's children, Ryan Payne and Tyianna Larkins, to the Clinton County Children Services Board ("CCCSB"). George Larkins, Tyianna's father, also appeals from the same judgment.
 {¶ 2} Cook is the biological mother of Ryan Payne, who was born on August 7, 1999. Greg Harmon is Ryan's biological father. Harmon and Cook have never been married to each other. Cook and Larkins are the biological parents of Tyianna, who was born on October 2, 2001. Cook and Larkins have never been married to each other, but Larkins continues to maintain a relationship with Cook, and the two live together periodically.
 {¶ 3} On August 24, 2000, Ryan was removed from Cook's custody by an emergency order and placed in CCCSB's temporary custody. On February 1, 2001, Ryan was adjudicated a dependent child, and placed in CCCSB's temporary custody.
 {¶ 4} On October 5, 2001, CCCSB filed a complaint against Cook, alleging that Tyianna, who was three days old at the time, was a dependent child. At this time, CCCSB requested and received temporary custody of Tyianna. On December 18, 2001, Tyianna was adjudicated a dependent child and was placed in CCCSB's temporary custody.
 {¶ 5} On June 18, 2002, CCCSB moved to modify its temporary custody of Ryan to permanent custody. On July 31, 2002, it filed a similar motion with respect to Tyianna. A hearing was held on CCCSB's permanent custody motions regarding Ryan and Tyianna on April 30 and May 9, 2003. On June 9, 2003, the trial court awarded CCCSB permanent custody of Ryan and Tyianna. In 1986, CCCSB had been awarded permanent custody of another one of Cook's children, Elizabeth.
 {¶ 6} Cook and Larkins appeal from the trial court's judgment, jointly raising the following assignment of error:
 {¶ 7} "The judgment of the trial court to grant clinton county children services board permanent custody was contrary to the manifest weight of the evidence."
 {¶ 8} Cook, with Larkins joining her, argues that the trial court's decision to grant CCCSB permanent custody of Ryan and Tyianna was against the manifest weight of the evidence, because the agency failed to prove by clear and convincing evidence that her children cannot be placed with her within a reasonable time. In furtherance of this contention, Cook argues that CCCSB failed to implement "a reasonable case plan" that she could have completed. In particular, she faults CCCSB for asking her to participate in too many drug, alcohol, parenting and mental health counseling sessions in light of her diabetes and the fact that she is considered to be mildly retarded. Cook further faults CCCSB for not providing her with transportation to allow her to attend counseling sessions for her drug, alcohol, mental health and other problems. We find these arguments unpersuasive.
 {¶ 9} Under R.C. 2151.414(B)(1), a trial court may grant permanent custody of a child to a state agency if the court finds, by clear and convincing evidence, that it is in the child's best interest to do so, and that any one of the following circumstances apply:
 {¶ 10} "(a) The child * * * cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents;
 {¶ 11} "(b) The child is abandoned;
 {¶ 12} "(c) The child is orphaned, and there are no relatives of the child who are able to take permanent custody;
 {¶ 13} "(d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999."
 {¶ 14} In this case, the trial court found that it was in the children's best interest that CCCSB be awarded permanent custody, and that the children have been in CCCSB's temporary custody "for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999." See R.C. 2151.414(B)(1)(d). There was clear and convincing evidence presented to support both of these findings.
 {¶ 15} We find unpersuasive Cook's contentions that CCCSB failed to implement a reasonable case plan to assist her in remedying the problems that led to her children's removal or that CCCSB failed to make reasonable efforts to return the children safely to her. The evidence showed that most of Cook's problems centered around her use of drugs and alcohol. Indeed, Cook admitted using cocaine just two months prior to the permanent custody hearing. Furthermore, Cook asserts that the agency failed to ensure that she had access to transportation that would have allowed her to attend counseling sessions for, among other things, drug and alcohol abuse. However, the evidence showed that CCCSB gave Cook gasoline vouchers and offered to provide Cook with transportation to anywhere she needed to go so long as it was given 72-hour notice. Cook responds by claiming that "the agency was well aware that [she] did not have any phone service." But Cook's implying that she had no way of contacting CCCSB for help with transportation is simply not credible. Indeed, Cook acknowledged there was a public pay phone two or more blocks from her apartment. We conclude that there was ample evidence presented to support the trial court's findings that CCCSB made reasonable efforts to reunify Cook with her children and that granting CCCSB permanent custody of Ryan and Tyianna was in the children's best interest.
 {¶ 16} The trial court's judgment is affirmed.
Valen, P.J., and Walsh, J., concur.